**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| LEROY SPEARS, JR.; FRANK BOHANNON; <br> ELLIS E. CARROLL; JIM JACKSON; <br> WILLIE G. JOHNSON; McCLARY MERRITT; <br> CLARENCE E. PUGH; <br> and CHARLIE L. ROGERS, JR. | PLAINTIFFS |
| v. NO. 5:12CV00202 JLH | |
| UNION PACIFIC RAILROAD COMPANY | DEFENDANT |

**ORDER**

The plaintiffs bring this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, alleging that they were exposed to asbestos while employed by Union Pacific Railroad Company and, as a result, have developed an asbestos-related lung disease. Union Pacific has filed a motion to sever the claims of the individual plaintiffs. Union Pacific argues that the plaintiffs' claims are not properly joined under Rule 20 of the Federal Rules of Civil Procedure, so the Court should sever them pursuant to Rule 21. In the alternative, Union Pacific argues that the Court should order a separate trial for each plaintiff pursuant to Rule 42(b).

Rule 20(a)(1) provides that persons may join in one action as plaintiffs if (1) they assert any right to relief arising out of the same transaction, occurrence, or series of transactions and occurrences, and (2) any question of law and fact common to all of the plaintiffs will arise in the action. All of the plaintiffs were trackmen in Union Pacific's Maintenance of Way Department. All of the plaintiffs have been diagnosed as having an asbestos-related lung disease. All of them allege that they were exposed to asbestos while they worked for Union Pacific.

The Supreme Court has explained:

> Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966). Nevertheless, permissive joinder is not unlimited. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Permissive joinder under Rule 20 requires that the parties assert a right to relief by or against each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and some question of law and fact common to all of the parties must arise in the action. *Id*. The courts generally apply a case-by-case analysis in determining whether the claims arise out of the same transaction or occurrence or series of transactions or occurrences. *Id*. "Absolute identity of all events is unnecessary." *Id*. The standard is flexible "to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1653 (3d ed. 2001).

Here, each of the plaintiffs alleges that he was employed by Union Pacific as a trackman in the Maintenance of Way Department for a long period of time during which he was exposed to asbestos and as a result of which he developed an asbestos-related lung disease. Each plaintiff alleges that he suffered injury as a result of the same set of negligent acts and omissions. Each of the plaintiffs' claims therefore arise out of the same series of occurrences. There will be common questions of law and fact in all of the claims. Thus, the claims are properly joined under Rule 20.

Union Pacific argues, in the alternative, that the Court should order separate trials for each of the plaintiffs pursuant to Rule 42(b). That rule provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

The party seeking separate trials has the burden of showing that separate trials will promote convenience, expedite the proceedings, or avoid unfair prejudice. *Higgins v. Dankiw*, No. 8:08CV15, 2009 WL 764555, at *4 (D. Neb. Mar. 20, 2009). In deciding a motion for separate trials, "a court should consider the interests of judicial economy and avoiding confusion." *Koch Fuels v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

The plaintiffs have provided the following chart describing their job titles and years during which they worked:

| Name | Job Title | Years Worked | Diagnosing Physician |
|---|---|---|---|
| Leroy Spears, Jr. | Track Laborer | 1971 – 1985 | Christopher L. John, M.D. |
| Frank Bohannon | Track Laborer | 1970 – 1999 | Christopher L. John, M.D. |
| Ellis E. Carroll | Track Laborer | 1974 – 1995 | Christopher L. John, M.D. |
| Jim Jackson | Track Laborer | 1971 – 1990 | Christopher L. John, M.D. |
| Willie G. Johnson | Track Laborer | 1978 – 1991 | Christopher L. John, M.D. |
| McClary Merritt | Track Laborer | 1967 – 1977 | Christopher L. John, M.D. |
| Clarence E. Pugh | Track Laborer | 1961 – 1981 | Christopher L. John, M.D. |
| Charlie L. Rogers, Jr. | Track Laborer | 1974 – 1986 | Christopher L. John, M.D. |

The Court has concluded that the tenures of these eight plaintiffs can reasonably be divided into three groups for trial. Four of the plaintiffs began their employment in the 1970s, continued throughout the 1980s, and terminated their employment in the 1990s. Those four are Frank Bohannon, Ellis E. Carroll, Jim Jackson, and Willie G. Johnson. Two of the plaintiffs began their employment in the early 1970s and terminated their employment in the mid-1980s. Those two are Leroy Spears, Jr., and Charlie L. Rogers, Jr. The last two plaintiffs are McClary Merritt and Clarence E. Pugh. Both of them began their employment in the 1960s. Merritt concluded his employment in 1977, while Pugh completed his employment in 1981. The Court has concluded that dividing the plaintiffs into these three groups for separate trials will promote convenience and expedite the

proceedings, while avoiding confusion and unfair prejudice inasmuch as the plaintiffs within each group are likely to have had similar levels of exposure to asbestos.

Union Pacific's motion is therefore GRANTED IN PART and DENIED IN PART. Document #6. The motion to sever is denied. The motion for separate trials is granted in part. The plaintiffs will be divided into three groups for trial. Frank Bohannon, Ellis E. Carroll, Jim Jackson, and Willie G. Johnson will be tried together. Leroy Spears, Jr., and Charlie L. Rogers, Jr., will be tried together. McClary Merritt and Clarence E. Pugh will be tried together.

IT IS SO ORDERED this 25th day of July, 2012.

*/s/ J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE